IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH HOPPE,<br><br>                Petitioner,<br><br>vs.<br><br>THOMAS GRIFFIN, Superintendent,<br>Green Haven Correctional Facility,<br><br>                Respondent. | No. 9:17-cv-00170-JKS<br><br>MEMORANDUM DECISION |

Joseph Hoppe, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. At the time he filed his petition, Hoppe was in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at Green Haven Correctional Facility. Respondent has answered the Petition, and Hoppe has replied. After the completion of briefing, Respondent notified the Court that Mr. Hoppe died on July 3, 2018, and filed a copy of Mr. Hoppe's death certificate. The petition is now before the undersigned judge on Respondent's motion to dismiss the action as moot due to the petitioner's death.

I. BACKGROUND/PRIOR PROCEEDINGS

On February 3, 2009, Hoppe was charged by superceding indictment with 3 counts of predatory sexual assault, 2 counts of first-degree criminal sexual act, 3 counts of first-degree attempted rape, third-degree criminal possession of a weapon, and fourth-degree grand larceny. The charges stemmed two incidents in 2008 when it was alleged that Hoppe forced two victims to participate in sexual acts. On direct appeal of his conviction, the Appellate Division of the New York Supreme Court laid out the following facts underlying the charges against Hoppe:

> In March 2008, [Hoppe] invited victim A to his apartment. Victim A later testified that when she arrived, he prevented her from leaving, forced her to participate in sexual acts and told her that he would kill her if she told anyone what had happened. In June 2008, victim B went to [Hoppe's] apartment, purportedly to help him move furniture. She testified that he forced her to perform oral sex, attempted to have intercourse with her and threatened to kill her. After victim B alerted police, [Hoppe] was indicted for various crimes arising from the June 2008 incident. Thereafter, victim A reported the March 2008 events, and a superceding indictment was handed up incorporating the original indictment as well as additional crimes pertaining to victim A.

*People v. Hoppe*, 946 N.Y.S.2d 671, 672 (N.Y. App. Div. 2012).

Hoppe pleaded not guilty and proceeded to a jury trial. At the conclusion of trial, the jury found him guilty of 3 counts of predatory sexual assault, 3 counts of first-degree attempted rape, first-degree criminal possession of a weapon, and fourth-degree grand larceny. The trial court sentenced Hoppe as a second felony offender to an aggregate term of 50 years to life imprisonment.

Hoppe filed a *pro se* motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. In that motion, Hoppe alleged that: 1) the prosecution violated their discovery obligations by failing to provide the complete criminal history of a prosecution witness; 2) the prosecution's failure to call a certain witness to corroborate other testimony constituted newly-discovered evidence; 3) his trial counsel was ineffective; 4) his trial counsel operated under a conflict of interest; and 5) the prosecutor committed misconduct. The county court denied the § 440.10 motion in a reasoned, unpublished opinion issued on February 21, 2012. Hoppe sought leave to appeal in the Appellate Division, which was summarily denied on June 15, 2012.

Through counsel, Hoppe also appealed his conviction, arguing that: 1) he was deprived of his right to be present during sidebar interviews with prospective jurors; and 2) the verdicts were against the weight of the evidence. The Appellate Division of the New York Supreme Court unanimously affirmed the judgment against Hoppe in a reasoned opinion issued on June 15, 2012.

*Hoppe*, 946 N.Y.S.2d at 674. Hoppe filed a counseled letter seeking leave to appeal to the New York Court of Appeals, asking that court to review his claim that he was denied his right to be present at sidebar conferences with potential jurors. The Court of Appeals denied the leave application without comment on September 10, 2012.

Hoppe then filed a *pro se* motion to reargue both his direct appeal and the denial of his leave application, and also filed a coram nobis motion in the Appellate Division, raising various claims of ineffective assistance of appellate counsel. On August 7, 2013, the Appellate Division summarily denied Hoppe's coram nobis and reargument motions. The Court of Appeals dismissed the application seeking leave to appeal from the reargument motions because the orders were not appealable and also denied his application for leave to appeal from the denial of his coram nobis motion.

On May 6, 2016, Hoppe, again proceeding *pro se*, moved to vacate the judgment pursuant to CPL § 440.10. In that motion, he argued that: 1) a prosecution witness lied about her criminal history and the People committed misconduct by failing to disclose the witness's complete criminal history; 2) several other witnesses lied at trial; 3) the proseuction knowingly presented the false testimony and failed to correct the record; 4) the police fabricated evidence; 5) his trial counsel was ineffective; and 6) he was actually innocent of the crimes for which he had been convicted. The county court denied the motion on both procedural grounds and on the merits. Hoppe sought leave to appeal the denial of his motion, which was denied without comment on October 5, 2016.

While that petition was pending, Hoppe filed a petition for writ of habeas corpus in this Court, Case No. 9:16-cv-00851. This Court, through a different judge, dismissed the action without prejudice for failure to exhaust available state court remedies. Docket No. 9, Case No. 9:16-cv-

00851. After his most-recent CPL § 440.10 was resolved in the state courts, Hoppe filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on January 12, 2017. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Hoppe raises the following 20 claims for relief: 1) he was deprived of his right to be present at the sidebars during jury selection; 2) the verdicts were against the weight of the evidence; 3) the prosecution violated its discovery obligations by failing to turn over the entire criminal history of one of its witnesses; 4) trial counsel was ineffective for failing to conduct an appropriate investigation prior to trial; 5) trial counsel was ineffective "when he failed to present petitioner's appearance upon arrest to the jury"; 6) trial counsel was ineffective for failing to obtain the criminal histories of prosecution witnesses; 7) trial counsel was ineffective for failing to call various witnesses; 8) trial counsel was ineffective for failing to submit as evidence certain statements made by prosecution witnesses; 9) trial counsel was operating under a conflict of interest because he worked for a law firm that had previously represented one of the prosecution's witnesses; 10) the trial court erred in denying Hoppe's motion to sever the two assault cases; 11) the trial court should have dismissed a juror who revealed he had been drinking buddies with a member of the police department; 12) the prosecutor committed misconduct by allowing the prosecution's witnesses to commit perjury and failing to correct the record; 13) the prosecutor committed misconduct by fabricating evidence; 14) the prosecutor committed misconduct by "perpetrating misrepresentation and fraud upon the court;" 15) trial counsel was ineffective for allowing the prosecution to commit misconduct; 16) he is actually innocent of the crimes; 17) the county court's denial of his CPL §

4

440.10 motion without allowing him to file a reply or conducting a hearing violating his right to due process; 18) the prosecution failed to adhere to the rules of professional conduct; 19) defense counsel failed to adhere to the rules of professional conduct; and 20) the county court erred in applying procedural bars in denying his CPL § 440.10 motion.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

To obtain federal habeas corpus review, 28 U.S.C. § 2254(a) requires that the petitioner be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). When he filed his Petition, Hoppe was in the custody of the New York State Department of Corrections and Community Supervision. After briefing was complete, however, Respondent notified the Court that Hoppe died on July 3, 2018. Docket No. 36. Respondent submitted as evidence of Petitioner's death an official death certificate from the New York State Department of Health. Docket No. 36-1.

Through his Petition, Hoppe sought release from state custody on the ground that his conviction was obtained unconstitutionally. Because Hoppe's death necessarily means that there is no relief that the Court can grant to him, *see, e.g.*, *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted), his Petition has been rendered moot, *see Garceau v. Woodard*, 399 F.3d 1101, 1101 (9th Cir. 2005) (dismissing as moot § 2254 petition of petitioner who had died while in custody); *Griffey v. Lindsey*, 349 F.3d 1157, 1157 (9th Cir. 2003); *Rivera v. Pearlman*, No. 02 Civ. 2399, 2004 WL 533333, at*1 (S.D.N.Y. Mar. 16, 2004). Accordingly, Hoppe's Petition must be dismissed.

## V. CONCLUSION

Hoppe's death forecloses this Court from granting Hoppe relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a

certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: January 16, 2019.

                                               /s/ James K. Singleton, Jr.
                                               JAMES K. SINGLETON, JR.
                                               Senior United States District Judge